Paul J. Loh (SBN 160541)
ploh@willenken.com
Eileen M. Ahern (SBN 216822)
eahern@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Defendant
The Procter & Gamble Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBCELEB, INC.,<br>                Plaintiff,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY,<br>                Defendant.<br>_____<br><br>THE PROCTER & GAMBLE COMPANY,<br>                Counter-complainant,<br><br>v.<br><br>WEBCELEB, INC,<br><br>                Counter-defendant. | Case No.:  10-cv-2318 DMS (NLS)<br><br>Honorable Dana M. Sabraw<br><br>**PROTECTIVE ORDER**<br><br>**[Doc. No. 30.]** |

In connection with the production of confidential documents and other confidential information in this action, defendant and counter-claimant The Procter & Gamble Company ("P&G") and plaintiff and counter-defendant Webceleb, Inc. ("Webceleb"), through their respective counsel (collectively, the "Parties" or individually, "Party"), have jointly moved for entry of this Protective Order ("Stipulated Protective Order").

## I.   PURPOSE OF THIS PROTECTIVE ORDER

The purpose of this Stipulated Protective Order is to provide a means for limiting access to and use and disclosure of confidential documents or information that are produced in this action.  Any unauthorized disclosure of confidential documents or information in violation of this Order may be subject to discipline by the contempt powers of this Court.

## II.   DESIGNATION OF "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" DOCUMENTS OR INFORMATION

The Parties may designate such documents or information as "Confidential" or "Attorneys' Eyes Only" in accordance with the following procedures:

### A.   "Confidential" and "Attorneys' Eyes Only" Documents or Information.

Either Party may designate documents or information as "Confidential" if it has a reasonable good faith belief that the disclosure of said documents or information absent the protections of this order will have the effect of causing harm to the producing party's competitive position or privacy interests or a third party's privacy interests because the documents or information embody (a) sensitive, competitive or other confidential business information; (b) sensitive financial information; (c) sensitive product information; (d) sensitive personal information; (e) other sensitive material that the Party does not customarily disclose to the public; or (f) documents or

information that the Party currently maintains as Confidential and is seeking to maintain as Confidential for purposes of this action.

Either Party may designate documents or information as "Attorneys' Eyes Only" if it has a reasonable good faith belief that such documents or information meets the requirements for Confidential documents or information within the meaning of this Stipulated Protective Order, and additionally constitutes highly confidential financial information.

**B.     Time of Designation**

Unless otherwise agreed between counsel for the Parties, the designation of Confidential or Attorneys' Eyes Only Documents or Information shall be made at the time of the production of documents.

**C.     Manner of Designation**

The designation of Confidential or Attorneys' Eyes Only Documents or Information ("Designated Documents or Information") shall be made in the following manner:

**1.**     For documents, by placing the notation "Confidential" or "Attorneys' Eyes Only" on each page of such document;

**2.**     For tangible items, including any documents or information produced on magnetic disks or other computer related media, by placing the notation "Confidential" or "Attorneys' Eyes Only" on the object and, if applicable, on the container thereof or if such are not practicable, as otherwise agreed by the Parties.  In the event either Party generates any "hard copy" or printout from any such materials, that Party must immediately stamp each page "Confidential" or "Attorneys' Eyes Only" as appropriate, and the hard copy or printout shall be treated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Stipulated Protective Order.

**D.  Retroactive Designation**

**1.**  Inadvertent production of any Designated Documents or Information without a designation of confidentiality will not be deemed to waive a later claim as to confidentiality or privilege, or prevent the Party claiming said confidentiality from re-designating such documents or information as "Confidential" or "Attorneys' Eyes Only" promptly after discovery of the inadvertent production.

**2.**  Within a reasonable time after production, either Party may retroactively designate (or withdraw a designation) of Designated Documents or Information, regarding any material that it has produced, provided however, that such retroactive designation (or withdrawal) shall be in accordance with the terms of this Order.  Such retroactive designation (or withdrawal) shall be accomplished by notifying counsel for the non-designating Party in writing of such retroactive designation (or withdrawal). Upon receipt of any such written re-designation, counsel (i) shall not make any further disclosure or communication of such retroactively designated material except as provided for in this Order; (ii) shall take reasonable steps to notify all persons known to have possession of any retroactively designated material of the effect of such re-designation under this Order; and (iii) shall take reasonable steps to procure all copies of such retroactively designated material from any persons known to have possession of any such retroactively designated material who are not entitled to receipt under this Order.

**E.  Resolution of Disputes Regarding Designation**

If either Party, at any time, wishes to have the "Confidential" or "Attorneys' Eyes Only" designation of any particular Designated Documents or Information removed or changed, that Party shall first request in writing that the Party having made the designation at issue change its designation.  Thereafter, the Parties shall make good faith efforts to resolve the dispute.  If the designating Party refuses to agree to remove or change the designation, then the Party that requests that the designation be so

removed may make a motion before this Court for an order removing or changing the designation; provided, however, that the designating Party shall have the burden of proving that such particular Designated Document or Information are properly designated as "Confidential" or "Attorneys' Eyes Only" pursuant to paragraph III.  At all times during the process of challenging a designation, the Parties shall treat the Designated Documents or Information as originally designated until a change is agreed to or the motion is decided by the Court and written notice of such decision is served on the Parties.

Any motion filed with respect to this Stipulated Protective Order or documents labeled "Confidential" or "Attorneys' Eyes Only" must comply with the Local Rules of this Court and Chambers' Rules.

## F.    <u>Designation of Third Party Document</u>s.

Documents and/or information produced by a third party in response to a subpoena or during deposition in the course of this litigation may involve receipt of information, documents, things or testimony which include, contain or comprise protected information that may or may not be appropriate for "Confidential" or "Attorneys' Eyes Only" designation under this Order.  Unless otherwise agreed in writing between counsel for the parties, documents and information so produced by a third party shall be treated as follows:  First of all, all such documents and information shall automatically be deemed to be and shall be treated as "Attorneys' Eyes Only" for five [5] business days following their actual receipt by both counsel for Plaintiffs and counsel for Defendant in this action, in order to enable each such counsel to determine whether in their view any protected information is embodied therein.  If no designation of the information as "Confidential" or "Attorneys' Eyes Only" by the Designating Party is received by the non-Designating Party within five [5] business days after said production, then the information will not be protected by this Protective Order except pursuant to subsequent designation by a party hereto or pursuant to a subsequent

agreement of the parties or Court order; if however a written designation of "Confidential" or "Attorneys' Eyes Only" is made by a Designating Party and is received by the non-Designating Party within five [5] business days after said production of documents or information by the non-party, then the information will be subject to this Protective Order and will be deemed to be "Confidential" or "Attorneys' Eyes Only" (as requested by the Designating Party); provided, however, that the designation may be challenged as any such designation.

Lastly, to the extent third party documents or information contain information that is confidential and/or proprietary to the third party, said third party can avail itself of the protections set forth in this Order and designate documents and/or information it produces accordingly by executing this Order and agreeing to be bound by its terms.

### III. <u>PERSONS TO WHOM DESIGNATED DOCUMENTS OR INFORMATION MAY BE DISCLOSED</u>

**A.** <u>Disclosure of Documents or Information Designated as "Confidential"</u>

Documents or Information designated as "Confidential" may be disclosed and copies may be provided only to:

**1.** Counsel of record;

**2.** Expert witnesses or consultants retained by the Parties or their respective counsel in connection with this action who have complied with paragraph IV(D), below;

**3.** Outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

**4.** This Court and its personnel, or any other tribunal of competent jurisdiction having involvement in this matter and its personnel; and

**5.** Any mediator or arbitrator selected by the Parties to mediate or arbitrate this action.

**6.**     The following Designated Representatives of the Parties upon compliance with paragraph IV(D) below:  Scott Fetters and Alex Rolek of Webceleb, and Rich Delcore of P&G.

**7.**     In-house Counsel for P&G, and attorney and Webceleb board member, Jill Southworth, upon compliance with paragraph IV(D) below.

**B.**     **Disclosure of Documents or Information Designated as "Attorneys' Eyes Only"**

Documents or Information designated as "Attorneys' Eyes Only" may be disclosed and copies may be provided only to:

**1.**     Counsel of record;

**2.**     Expert witnesses or consultants retained by the Parties or their respective counsel in connection with this action who have complied with paragraph IV(D), below;

**3.**     Outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

**4.**     This Court and its personnel, or any other tribunal of competent jurisdiction having involvement in this matter and its personnel; and

**5.**     Any mediator or arbitrator selected by the Parties to mediate or arbitrate this action.

**6.**     In-house Counsel for P&G, and attorney and Webceleb board member, Jill Southworth, upon compliance with paragraph IV(D) below.

**C.**     **Additional Authorized Disclosure of Designated Documents or Information**

Notwithstanding anything to the contrary in paragraphs IV(A) and IV(B) above, particular Designated Documents or Information may be disclosed and copies may be provided:

[[PROPOSED] PROTECTIVE ORDER

120812.2

**1.**     To Persons who are explicitly named on the document as the authors or addressees or to persons who may be shown to be an author or recipient of any particular document;

**2.**     To any other persons with the prior written consent of the designating Party; and

**3.**     To any other persons with the prior authorization of this Court or any other tribunal of competent jurisdiction having involvement in this matter.

**4.**     If a document designated as "Confidential" or "Attorneys' Eyes Only" refers to the conduct or affairs of a potential witness, the Party's counsel of record may and shall discuss such conduct or affairs with such person without revealing the existence of the document, or its authors or source.

### D.     **Disclosure to Experts, Consultants, Inside Counsel or Designated Representatives**

Prior to disclosing or providing copies of any Designated Documents or Information to any expert, consultant, Inside Counsel or Designated Representative pursuant to paragraphs IV(A), IV(B) or IV (C), above, the Parties shall first obtain the agreement of the person to whom such disclosure will be made to be bound by the terms of this Stipulated Protective Order as set forth in the attached "Acknowledgment and Agreement To Be Bound."  Specifically, the person shall acknowledge that, during the course of his or her retention or work on this case they may have access to, and become acquainted with Designated Documents or Information, which are regularly used in the operation of the businesses of the designating Party and in which the designating Party has an expectation of confidentiality.  The person shall agree not to disclose such Designated Documents or Information, directly or indirectly, to any person or entity not subject to this Stipulated Protective Order or use them in any way outside the specific scope of his/her retention or work on this case, or at any time thereafter.

**E.      Return of Designated Documents or Information by Experts and Consultants**

Designated Documents or Information disclosed to any expert or consultant may be retained by such expert or consultant provided that such expert or consultant subsequently destroys any and all copies of such Designated Documents or Information upon the termination of their engagement.

**IV.      USE OF DESIGNATED DOCUMENTS OR INFORMATION**

**A.      Use of Designated Documents or Information Generally**

Designated Documents or Information shall only be used by the Parties, their respective agents, and any other persons to whom such Designated Documents or Information may be disclosed pursuant to this Stipulated Protective Order: (1) in this action; (2) as otherwise compelled by lawful process (provided the designating Party is given a reasonable notice to object); or (3) as otherwise required by law. Notwithstanding the foregoing, nothing in this Stipulated Protective Order shall prevent or limit the designating Party from disclosing Designated Documents or Information they so designate.

**B.      Use of Designated Documents or Information in the Conduct of this Action**

**1.      ** Designated Documents or Information may be used by counsel for the non-designating Party in good faith in connection with investigating this action, provided that the Designated Documents or Information are protected pursuant to the terms and conditions of this Stipulated Protective Order.

**2.      ** The terms of this Stipulated Protective Order do not apply to evidence presented at court proceedings and/or trial in this matter.  Any protective measures relating to Designated Documents or Information should be taken up with the judicial officer conducting the particular proceeding at the appropriate time.

[[PROPOSED] PROTECTIVE ORDER

**3.** If either Party seeks to file pleadings or other documents with this Court that contains the other Party's Designated Documents or Information, it may do so only if: (a) reasonably necessary to the proceeding; (b) the filing Party informs the designating Party of such filing concurrently with the filing of such documents with the Court; and (c) the filing Party moves to file the relevant pleadings or documents under seal.

## V.   RETURN OF DESIGNATED DOCUMENTS, TESTIMONY, OR INFORMATION

Upon written request after the final conclusion of this action, the Parties shall:

**A.** Return to the other Party any and all Designated Documents or Information so designated by that Party and all copies thereof in its possession, custody and control or otherwise destroy such documents;

**B.** Ensure that all Designated Documents or Information in the possession, custody or control of any permitted parties or third parties are returned to the designating Party or are otherwise destroyed; and

**C.** Destroy all notes, memoranda or other documents that contain excerpts from any of the Designated Documents or Information.  Notwithstanding the foregoing, attorney work product, attorney-client communications, and information derived from Designated Documents or Information may be retained by the non-designating Party and its counsel.

## VI.   PUBLIC DOCUMENTS

None of the restrictions set forth in this Stipulated Protective Order shall apply to any documents or other information that become public knowledge by means not in violation of the provisions of this Stipulated Protective Order.  Nothing in this Stipulated Protective Order shall prevent either Party from using any information that it properly possessed prior to receipt of any Designated Documents or Information from

the designating Party or that is discovered independently by the non-designating Party. The terms for the treatment of Designated Documents or Information pursuant to the Stipulated Protective Order shall be effective only upon the entry of this Stipulated Protective Order.

## VII.   NO PROBATIVE VALUE

This Stipulated Protective Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Designated Documents or Information.  The fact that information is designated "Confidential" or "Attorneys' Eyes Only" under the Stipulated Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.  This Stipulated Protective Order shall be without prejudice to the right of any party to bring information before this Court, regardless of (a) whether any particular material is or is not confidential, or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Stipulated Protective Order, provided that in doing so, the party complies with the procedures set forth herein.  The fact that any information is disclosed, used, or produced in any proceeding in this action shall not be offered in any other action or proceeding before this or any other Court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential or proprietary.

## VIII.   NO IMPLIED WAIVER OF ADMISSION

No party shall be obligated to challenge the proprietary nature of any designation of "Confidential" or "Attorneys' Eyes Only" information, and the failure to do so shall not constitute a waiver or otherwise preclude a subsequent challenge to the designation.

## IX.    MODIFICATION OF THIS STIPULATED PROTECTIVE ORDER

The Parties hereto may modify the terms of this Stipulated Protective Order by further stipulation.  However, no modification by the parties shall have the force or effect of a court order unless the Court approves the modification.  Alternatively, any party hereto may seek an order of this Court to modify the terms of this Stipulated Protective Order.  Any motion seeking such modification must be served upon all counsel of record and filed in accordance with this Court's filing procedures.

## X.    MANDATORY TERMS PER MAGISTRATE JUDGE STORMES

The parties will follow and abide by applicable law, including Civ. L.R. 79.2, with respect to filing documents under seal in this Court.  If a party wishes to submit to the Court any document or material that comprises, embodies, summarizes, discusses, or quotes from "Confidential" or "Highly Confidential" material, the party seeking to file such material shall seek permission of the Court to file said material under seal.

The party seeking to file under seal must electronically file a "Motion to File Documents Under Seal" and electronically lodge the said documents using a new event called "Sealed Lodged Proposed Document."  The System will inform the party that the documents will be sealed and only available to court staff.  The Clerk's Office will indicate on the public docket that proposed sealed documents were lodged.  A party need only submit a courtesy copy of the documents to chambers if the documents exceed 20 pages in length.  If the court grants the motion to seal, the docket entry and documents will be sealed and designated on the docket as filed on the order date.  If the court denies the motion to seal, the lodged documents will remain lodged under seal absent an order to the contrary.

A redacted version of the document sought to be filed under seal shall be filed and made part of the public record. The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."

The Court may modify the protective order in the interests of justice or for public policy reasons.

## XI.   EXECUTION AND COUNTERPART

This Stipulated Protective Order may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Email or facsimile signatures shall be binding upon the Parties hereto and may be submitted and considered as originals.

**IT IS SO ORDERED.**

Dated: July 22, 2011

The Honorable Nita L. Stormes
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **Acknowledgment and Agreement To Be Bound**

I hereby acknowledge that I may receive information designated as "Confidential" or "Attorneys' Eyes Only" from a party to this action.  I hereby certify my understanding that such information will be provided to me pursuant to the terms and restrictions of the above Stipulated Protective Order that has been entered by the Court; that I have been given a copy of, and have read and understand, such Stipulated Protective Order; that I agree to be bound by the terms thereof; and that I irrevocably submit to the personal jurisdiction of the Court in connection with any proceeding to enforce the Stipulated Protective Order that may involve me.

ACKNOWLEDGED AND AGREED:

Name: _____

Address: _____

Employer: _____

Title: _____

Dated: _____

[[PROPOSED] PROTECTIVE ORDER

120812.2