# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBCELEB, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>THE PROCTER & GAMBLE COMPANY, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 10cv2318 DMS (NLS)<br><br>**ORDER DENYING DEFENDANTS BERMANBRAUN, LLC AND MICROSOFT CORPORATION'S MOTION TO DISMISS**<br><br>**[Docket No. 49]** |

　　This case comes before the Court on Defendants BermanBraun, LLC and Microsoft Corporation's motion to dismiss. Plaintiff Webceleb, Inc. filed an opposition to the motion, and Defendants filed a reply. For the reasons discussed below, the Court denies Defendants' motion.

## I.
## BACKGROUND

Plaintiff Webceleb, Inc.:

> is the owner of U.S. Trademark Registration No. 3756711 for the mark WEBCELEB in international class 042 for "Providing temporary use of on-line non-downloadable software to enable uploading, posting, showing, displaying, tagging, blogging, sharing, or otherwise providing electronic media or information in the field of general interest over the Internet or other communications network."

(First Am. Compl. ¶ 7.) Plaintiff "operates an online social marketplace for independent music that brings independent musicians and music fans together." (*Id.* ¶ 9.) The musicians use Plaintiff's

///

platform to distribute their music directly to fans, and fans use the platform to browse for and purchase music. (*Id.*) Plaintiff also produces concerts featuring artists on Plaintiff's website. (*Id.* ¶ 11.)

In October 2010, Plaintiff experienced an unexpected number of visitors to its website. (*Id.* ¶ 17.) Plaintiff discovered this spike in virtual traffic was caused by Defendants' advertising and promotion of a category of the People's Choice Awards, namely the "Web Celeb" category. (*Id.* ¶ 18.)

On November 9, 2010, Plaintiff filed the present case against Defendant Procter & Gamble alleging claims for trademark infringement and unfair competition. Plaintiff filed a First Amended Complaint on October 11, 2011, alleging the same claims but adding Defendants BermanBraun and Microsoft. The present motion followed.

## II.

## DISCUSSION

Defendants move to dismiss the claims alleged in the First Amended Complaint. They argue Plaintiff lacks standing, and it has failed to plead a claim for trademark infringement.[1]

**A.      Standard of Review**

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951.

/ / /

---

[1] Defendants also argue Plaintiff's unfair competition claim fails with the trademark infringement claim.

1  It then considered "the factual allegations in respondent's complaint to determine if they plausibly
2  suggest an entitlement to relief." *Id.* at 1951.

**B.     Standing**

Defendants' first argument in support of their request for dismissal is that Plaintiff lacks standing. Specifically, Defendants argue Plaintiff has failed to allege sufficient facts to show injury.[2] However, the Court disagrees. Plaintiff has alleged that Defendants violated Plaintiff's exclusive right to the mark "webceleb." Although Plaintiff does not specifically plead the type of injury it suffered from this alleged trademark infringement, it is reasonable to infer that the injury suffered is the damage to Plaintiff's reputation. *See Wine Group LLC v. Levitation Management, LLC*, No. CIV. 2:11-1704 WBS JFM, 2011 WL 4738335, at *5 (E.D. Cal. Oct. 6, 2011) (stating "injury in a trademark infringement case is the damage to the trademark owner's reputation). Accordingly, the Court rejects Defendants' argument that Plaintiff has not plead sufficient facts to show injury, and therefore lacks standing to pursue this case.

**C.     Trademark Infringement**

Turning to the substantive claims, Plaintiff's first claim is for trademark infringement. To prevail on this claim, Plaintiff "must show that: (1) it has a valid, protectable trademark, and (2) that [Defendants'] use of the mark is likely to cause confusion." *Applied Information Sciences Corp. v. eBAY, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007). Defendants challenge each of these elements. They also argue Plaintiff's claim must be dismissed because their use of the term "Web Celeb" is constitutionally-protected speech, and falls under the fair use doctrine.

    1.     A Valid, Protectable Mark

The first issue for the Court is whether Plaintiff has alleged that it has a valid, protectable trademark. Plaintiff alleges it:

> is the owner of U.S. Trademark Registration No. 3756711 for the mark WEBCELEB in international class 042 for "Providing temporary use of on-line non-downloadable software to enable uploading, posting, showing, displaying, tagging, blogging, sharing,

---

[2] Defendants also argue Plaintiff has failed to allege sufficient facts to show causation. That argument is based on Defendants' assertion that Plaintiff has failed to allege sufficient facts to show a likelihood of confusion. As set out below, the Court declines to address that assertion in the context of the present motion. Accordingly, the Court likewise rejects Defendants' argument about causation for standing purposes.

or otherwise providing electronic media or information in the field of general interest over the Internet or other communications network."

(First Am. Compl. ¶ 7.) Registration of this mark "'constitutes prima facie evidence of the validity of the registered mark and of [the registrant's] exclusive right to use the mark on the goods and services specified in the registration.'" *Applied Information Sciences*, 511 F.3d at 970 (quoting *Brookfield Communications, Inc., v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999)).

Defendants do not dispute that registration of Plaintiff's mark raises a presumption of validity, but they argue that presumption applies only to the goods and services listed in the certificate. Defendants assert their use of the term "Web Celeb" falls outside the scope of those goods and services, therefore the presumption of validity does not apply here. However, the distinction between the goods and services offered by Plaintiff and Defendants is not so obvious that the Court can resolve this issue on a motion to dismiss. Both Plaintiff and Defendants host websites that involve the entertainment industry, and both use the term "webceleb" or "Web Celeb" in connection with those efforts. Thus, at this stage of the proceeding, Plaintiff is entitled to a presumption that its trademark is valid.

Having made this prima facie showing, the burden falls on Defendants to demonstrate that Plaintiff's mark is invalid. *Humboldt Wholesale, Inc. v. Humboldt Nation Distribution, LLC*, No. C-11-4144 EMC, 2011 WL 6119149, at *2 (N.D. Cal. Dec. 8, 2011) (citations omitted). "The defendant can only overcome the registered mark's presumption of validity by showing by a preponderance of evidence that the mark is not protectable." *Id.* (citing *Zobmondo Entertainment, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1114 (9th Cir. 2010)). Here, Defendants attempt to meet that showing by arguing Plaintiff's mark is generic or descriptive.

"Whether a mark is generic or descriptive is a question of fact." *Solid 21, Inc. v. Breitling USA, Inc.*, No. CV 11-0457 GAF (PLAx), 2011 WL 2938209, at *4 (C.D. Cal. July 19, 2011) (citing *Advertise.com, Inc. v. AOL Advertising, Inc.*, 616 F.3d 974, 977 (9th Cir. 2010)). As a result, Plaintiff argues these issues are inappropriate for resolution on a motion to dismiss. This Court agrees with Plaintiff, and thus declines to consider these issues in ruling on the present motion. *See FragranceNet.com, Inc. v. Les Parfums, Inc.*, 672 F.Supp.2d 328, 333-34 (E.D.N.Y. 2009) (concluding question of whether trademark is generic is inappropriate for determination on motion to dismiss).

Absent these arguments, Defendants have not shown that Plaintiff has failed to allege it has a valid, protectable trademark.

### 2. Likelihood of Confusion

Next, Defendants argue Plaintiff has failed to allege sufficient facts to demonstrate there is a likelihood of confusion between Defendants' use of the term "Web Celeb" and Plaintiff's trademark. As with Defendants' arguments about the validity of the mark, this argument is inappropriate for resolution on a motion to dismiss. *See Church & Dwight Co., Inc. v. Mayer Labs., Inc.*, No. C-10-4429 EMC, 2011 WL 1225912, at *20 (N.D. Cal. Apr. 1, 2011); *Dita, Inc. v. Mendez*, No. CV 10-6277 PSG (FMOx), 2010 WL 5140855, at *5 (C.D. Cal. Dec. 14, 2010); *Innospan Corp. v. Intuit, Inc.*, No. C 10-04422 WHA, 2010 WL 5017014, at *3 (N.D. Cal. Dec. 3, 2010); *Lucent Technologies v. Johnson*, No. CV 00-05668-GHK RNBX, 2000 WL 1604055, at *2 (C.D. Cal. Sept. 12, 2000) (declining to address issue of likelihood of confusion on motion to dismiss). Accordingly, Defendants are not entitled to dismissal on the ground that Plaintiff has failed to allege sufficient facts to show a likelihood of confusion.

### 3. Artistic Relevance Test

Next, Defendants argue they are entitled to dismissal of Plaintiff's claims on the ground their use of the term "Web Celeb" is constitutionally-protected speech. In support of this argument, Defendants rely on the artistic relevance test. This test, and the issue of the First Amendment, are affirmative defenses to Plaintiff's claims. As such, they are inappropriate for resolution on a motion to dismiss. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (stating affirmative defenses may be raised on motion to dismiss only when there are no disputed issues of fact). Accordingly, Defendants' First Amendment argument does not warrant dismissal of Plaintiff's claims at this stage of the case.[3]

/ / /

/ / /

/ / /

---

[3] Defendant's fair use argument suffers the same fate: It is an affirmative defense to Plaintiff's claims, *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Management, Inc.*, 618 F.3d 1025, 1031 (9th Cir. 2010), and thus inappropriate for resolution on a motion to dismiss.

///

## III.

## CONCLUSION AND ORDER

For these reasons, the Court denies Defendants' motion to dismiss.

**IT IS SO ORDERED**.

DATED: February 13, 2012

HON. DANA M. SABRAW
United States District Judge